```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND


TAIWO AGBAJE                    *
                                *
                                *
v.                              *
                                *   Civil Action No. WMN-09-3025
WELLS FARGO HOME MORTGAGE       *
et al.                          *
                                *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM

Plaintiff filed this action in the Circuit Court for Baltimore City on or about December 2, 2008.  Plaintiff named as Defendants Access National Settlement Services, LLC (Access); WMC Mortgage Corporation (WMC Mortgage); Wells Fargo Home Mortgage d/b/a America's Servicing Company (Wells Fargo); Deutsche Bank National Trust Company (Deutsche Bank); Buanassissi Henning & Lash, PC; Commonwealth Land Title Insurance Co. (Commonwealth); as well as several individuals employed by these corporate entities.  In brief, Plaintiff alleges that he bought a house as an investment property in January 2006 and various acts and omissions of Defendants prevented the deed for the property from being properly recorded.  Plaintiff avers that he had the opportunity to sell the property on several occasions at considerable profit but was prevented from doing so because of Defendants' breaches.  Eventually Deutsche Bank, asserting that it was the holder of

Plaintiff's mortgage note, filed a foreclosure action on the property in the Circuit Court for Baltimore City and obtained a judgment.  Bounassissi v. Agbaje, Civ No. 24008000768 (Balt. City Cir. Ct.).

Based upon these allegations, Plaintiff brings claims of (1) breach of contract; (2) negligence; (3) breach of covenant of good faith and fair dealing; (4) negligent misrepresentation; (5) conversion; (6) civil conspiracy; (7) intentional misrepresentation; (8) aiding and abetting; (9) violations of the Fair Debt Collection Practices Act (FDCPA); and (10) violations of the Racketeer Influenced and Corrupt Organization Act (RICO).  Wells Fargo removed the action to this Court on November 13, 2009.[1]  Defendants have now filed motions to dismiss the Complaint in its entirety.  Paper Nos. 12 (Wells Fargo and Deutsche Bank), 14 (WMC Mortgage), and 20 (Commonwealth).  In addition to asserting that the Complaint fails to state claims upon which relief could be granted, all Defendants move to dismiss on the grounds of collateral estoppel.[2]  Plaintiff has filed no response to any of these motions and the time for so doing has passed.

---

[1] For reasons unknown, Wells Fargo was not served with the Summons and Complaint until October 15, 2009.  Thus, removal was timely.

[2] Defendants couched their arguments under both the doctrine of res judicata and of collateral estoppel.  The Court concludes that collateral estoppel is the more appropriate framework.

Under Maryland law,[3] "'[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the doctrine of collateral estoppel renders that determination conclusive in a subsequent action between the parties, whether on the same or a different claim.'" Janes v. State, 711 A.2d 1319, 1324 (1998) (quoting Murray Int'l Freight Corp. v. Graham, 555 A.2d 502, 504 (1989)).  To invoke the doctrine of collateral estoppel,

> [t]he proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

Thacker v. City of Hyattsville, 762 A.2d 172, 183 (2000) (internal quotations omitted).

The state court judgment to which Defendants would have this Court give preclusive effect is the final judgment issued in the Baltimore City Circuit Court foreclosure proceeding.  In challenging that foreclosure, Plaintiff filed an "Answer in Opposition to Foreclosure" on or about December 1, 2008.  In

---

[3] The Supreme Court has expressly held that the full faith and credit statute "directs a federal court to refer to the preclusion law of the State in which judgment [to be given preclusive effect] was rendered." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985).

that Opposition, Plaintiff raised the exact same claims and arguments he included in the instant Complaint, e.g., that defendants and others were "engaged in a pattern of corrupt and illegal activity as defined by Maryland law;" that the deed and related documents were not recorded in a proper manner; and that defendants violated the FDCPA and RICO.  See WMC Mortgage's ex. F, Plaintiff's "Answer in Opposition to Forclosure" in Buonassissi ¶¶ 3-5.  A response to Plaintiff's Answer was filed by the substitute trustee and on February 17, 2009, the Circuit Court for Baltimore City overruled all of Plaintiff's exceptions to the foreclosure sale  and ratified and confirmed the trustee's sale.  See WMC Mortgage's Ex. D.  Buonassissi, Order Overruling Exceptions to Sale (Balt. City Cir. Co. Feb. 17, 2009).  Plaintiff did not appeal that judgment.

It is clear that this state court judgment meets all the elements required in order to bar Plaintiff's instant suit under the doctrine of collateral estoppel.  The issues Plaintiff raises in the instant action are identical to those he raised in the foreclosure action, Plaintiff appears to have had a full and fair opportunity to litigate those issues, those issues were actually determined when the state court overruled Plaintiff's exceptions to the foreclosure sale and the resolution of those issues was critical and necessary in rendering that judgment.  Finally, the state court's order overruling Plaintiff's

4

exceptions was a final judgment on the merits from which Plaintiff never appealed.

In light of Plaintiff's failure to oppose any of these motions, the Court must assume that Plaintiff concedes that his claims are barred.  Accordingly, and for the reasons stated above, Defendants' motions to dismiss will be granted and this action dismissed.  A separate order will issue.

```
                        _____/s/_____
                        William M. Nickerson
                        Senior United States District Judge
```

DATED:   January 12, 2010